**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

*United States v. Antoni Peralta*
Case No. 3:18-cr-00010-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Antoni Peralta's Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29(c) ("Motion for Acquittal")[1] and Motion for a New Trial Pursuant to Fed. R. Crim. P. 33 ("Motion for New Trial," or collectively, the "Motions").[2] Through his Motion for Acquittal, Peralta requests that the Court enter a Judgment of Acquittal notwithstanding the jury verdict on the grounds that the United States failed to produce sufficient evidence to convict him.[3] Likewise, through his Motion for New Trial, Peralta requests a new trial on the grounds that his conviction was against the great weight of the evidence.[4] The United States opposes the Motions.[5] The Parties did not request an oral argument and the Court finds it would not be helpful. For the reasons stated below, Peralta's Motion for New Trial and Motion for Acquittal are **DENIED**.

Peralta was charged with one count of being a Felon in Possession of a Firearm and Ammunition under 18 U.S.C. § 922(g)(l).[6] A jury trial was held September 3–6, 2019.[7] At the conclusion of the trial, the jury found Peralta guilty of being a Felon in Possession of a Firearm and Ammunition.[8] To establish Felon in Possession of a Firearm and Ammunition, the United States had to prove:

> (1) that Peralta knowingly possessed one Smith and Wesson .40 caliber semi-automatic pistol and associated Federal Brand .40 caliber Smith and Wesson ammunition;
>
> (2) that the Smith and Wesson .40 caliber semi-automatic pistol and associated Federal Brand .40 caliber Smith and Wesson ammunition had been shipped or transported from one state to another;

---

[1] Dkt. 249 (Motion for Acquittal).
[2] Dkt. 248 (Motion for New Trial).
[3] Dkt. 249 at 1.
[4] Dkt. 248 at 3–4.
[5] Dkts. 250 (Response in Opposition to Motion for a New Trial), 251 (Response in Opposition to Motion for Acquittal).
[6] Dkt. 177 (First Superseding Indictment).
[7] Dkts. 228 (Trial by Jury Day 1), 229 (Trial by Jury Day 2), 230 (Trial by Jury Day 3), 236 (Jury Verdict).
[8] Dkt. 236.

(3) that at the time Peralta possessed the Smith and Wesson .40 caliber semi-automatic pistol and associated Federal Brand .40 caliber Smith and Wesson ammunition, Peralta had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) that at the time Peralta possessed the Smith and Wesson .40 caliber semi-automatic pistol and associated Federal Brand .40 caliber Smith and Wesson ammunition, he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and his prior felony conviction prohibited him from possessing firearms.[9]

Peralta stipulated to the facts that he "was convicted of a crime punishable by a term of one year of imprisonment; [he] knew he had been convicted of a crime punished by a term of one year of imprisonment[; and he] knew that his felony conviction prohibited him from possessing firearms and ammunition."[10] Thus, the government definitively proved these facts beyond a reasonable doubt.[11] The elements left for the jury to determine were (1) whether Peralta knowingly possessed the firearm and ammunition and (2) whether the firearm and ammunition traveled in interstate commerce.

Peralta, through his Motion for Acquittal, argues that "the government has failed to produce evidence from which the jury could reasonably and reliably find [ ] Peralta guilty beyond a reasonable doubt as to each element of the crime of conviction."[12] Likewise, in his Motion for New Trial, Peralta argues that he is entitled to a new trial because "the interest of justice so requires."[13] Each of his Motions relies on the same facts and arguments and are jointly discussed below.[14]

Pursuant to Rule 29, a defendant may move to set aside a verdict and enter a judgment of acquittal if the jury has returned a guilty verdict.[15] When reviewing a motion for acquittal, the Court must "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."[16] To evaluate the sufficiency of the evidence, the Court "first construe[s] the evidence

---

[9] *See* 18 U.S.C. § 922(g)(l); *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.).

[10] Dkt. 225 at 1–2 (Trial Stipulation).

[11] *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976) (citation omitted) ("When parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established.").

[12] Dkt. 249 at 1.

[13] Dkt. 248 at 1.

[14] Dkt. 249 at 2 ("The defendant relies on the facts and argument presented in the Defendant's Motion for a New Trial pursuant to Fed. R. Crim. P. 33").

[15] Fed. R. Crim. P. 29(c).

[16] Fed. R. Crim. P. 29(a).

in the light most favorable to the prosecution."[17] Where the factual record supports conflicting inferences, the Court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."[18] After construing the evidence in the light most favorable to the prosecution, the Court must determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[19] If the Court concludes that the trier of fact could have found the essential elements, then the motion for acquittal must be denied.[20]

Alternatively, Rule 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires."[21] If the Court determines that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."[22] However, the Court may grant a Rule 33 motion "only in an exceptional case in which the evidence weighs heavily against the verdict."[23]

In his Motions, Peralta argues that the United States' evidence "came from circumstantial evidence, Mr. Peralta's statements, a search warrant, and expert testimony."[24] Peralta also asserts that the on cross-examination Janeice Amick, the United States' fingerprint examiner, admitted she was not current with the scientific literature and that she could not have identified the fingerprint if she had not been given Peralta's name and fingerprint.[25] Peralta claims Amick further "acknowledged the dangers of confirmation bias that exist when she is given one potential suspect."[26] Furthermore, Peralta asserts that defense witness John Robertson's testimony should have been given greater weight.[27] These circumstances, Peralta argues, render his conviction unreasonable and unjust under Rules 29 and 33.[28]

Here, the United States put forth sufficient evidence to support each of the elements. The United States called several witnesses who testified that Peralta was found at the scene suffering from multiple gunshot wounds.[29] Further, Detective Scott Niwa was called to testify that, during an

---

[17] *United States v. Shetler*, 665 F.3d 1150, 1163 (9th Cir. 2011) (internal quotations and citation omitted).
[18] *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).
[19] *Shetler*, 665 F.3d at 1163 (internal quotations and citations omitted).
[20] *Id.* at 1163-64.
[21] Fed. R. Crim. P. 33(a).
[22] *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).
[23] *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985).
[24] Dkt. 248 at 3.
[25] *Id.*
[26] *Id.*
[27] *Id.* at 4.
[28] Dkts. 248 at 1, 249 at 1.
[29] Dkts 228, 229, 230.

interview, Peralta admitted to using the firearm to return fire during a shootout.[30] Niwa's testimony was accompanied by audio recordings of interviews he conducted with Peralta.[31] Latent print examiner Amick, who was qualified by the Court to testify as an expert witness, testified that a fingerprint found on the magazine of the firearm belonged to Peralta.[32] Additionally, the United States called ATF Special Agent Sarah Foreman, who was qualified by the Court to testify as an expert witness, to testify that the firearm and ammunition found at the scene were manufactured outside of Alaska and necessarily traveled in interstate or foreign commerce.[33]

During the trial, Peralta called only one witness—Robertson.[34] Robertson testified that it was his firearm that was found in the Peralta's car, that he brought it without Peralta's knowledge, and that Robertson was the one who fired it on the night of the shooting.[35]

Construing evidence and factual contradictions in favor of the prosecution, a rational trier of fact could—and did—find that Peralta knowingly possessed a firearm and ammunition and that said firearm and ammunition traveled in foreign or interstate commerce. Through cross-examination and putting on his own witness, Peralta attempted to discredit and contradict the United States' evidence. However, this only raised questions of the evidence's credibility—questions best left to the provenance of the jury. Here, the jury made its credibility determination in favor of the United States. Therefore, Peralta is not entitled to relief under Rule 29.

Likewise, this is not "an exceptional case in which the evidence weighs heavily against the verdict."[36] The United States put forth evidence sufficient to support finding each element of the offense beyond a reasonable doubt. Although Peralta produced some evidence tending to show that he did not knowingly possess a firearm, ultimately, the jury decided that Peralta's evidence did not create a reasonable doubt. The jury's finding was not so clearly irrational or aberrational as to require the granting of a new trial under Rule 33.

For the foregoing reasons, Peralta's Motion for Acquittal and Motion for New Trial are **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 21, 2019.

---

[30] Dkts 228, 229, 230.
[31] Dkt. 233 (Plaintiff Exhibit List).
[32] Dkt. 229.
[33] *Id.*
[34] Dkt. 230.
[35] *Id.*
[36] *Merriweather*, 777 F.2d at 507.